51 CCPA

### Application of Elvin G. BOICE.
### Patent Appeal No. 7111.
United States Court of Customs
and Patent Appeals.
Feb. 6, 1964.

Carl T. Mack, Stone & Mack, Washington, D. C., for appellant.

Clarence W. Moore, Washington, D. C. (S. Wm. Cochran, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

RICH, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the rejection of claims 6 and 7 of application serial No. 515,979, filed June 16, 1955, for "Coupling."

The couplings are for use in making up tool joints for deep well drilling.

The problem to which the invention is directed is thus stated:

"When the drill stem is rotated in the earth during the drilling operation, the tool joint, being usually of larger outside diameter than the pipe sections which it connects, engages the wall of the bore hole, and tends to wear rapidly."

The object of the invention is to alleviate the wear and this is done by cutting grooves in the exterior face of the portion of the joint member where the wear is likely to occur and filling them with hard metal such as one containing tungsten carbide particles. One end of the joint member so protected is provided with a conical shoulder to be engaged by an elevator. One aspect of the invention is that the grooves—or at least some of them—are extended into the conical elevator shoulder.

Claim 6 reads:

"6. A tool joint member comprising a cylindrical metal body having an axial bore therethrough, a conical elevator shoulder on one end of the said cylindrical body, the said cylindrical body having a plurality of narrow, substantially axially extending, circumferentially disposed grooves in the exterior surface thereof the said conical elevator shoulder having a plurality of substantially radially extending, circumferentially disposed grooves in its exterior surface, each registering with the said grooves in the said cylindrical body to form therewith a continuous groove extending along the said conical surface and cylindrical body surface, and hard metal welded into each of the said grooves, the said hard metal being surrounded by the metal of the said body."

Claim 7 differs only in broadening the description of the grooves to say that *some* rather than each of the grooves in the body register with the grooves in the conical shoulder.

The Patent Office relies on the following references:

Neuhaus 2,334,350 Nov. 16, 1943
Lewis et al. 2,653,061 Sept. 22, 1953

Neuhaus discloses a "Wear-Resisting Tool Joint" the coupling body and conical elevator shoulder being protected against abrasive wear by bands or substantially rectangular inserts of tungsten carbide.

Lewis et al. discloses a "Wear Resistant Tool Joint" the body and elevator of

which are protected from wear by inserts of tungsten carbide.

In view of the obvious closeness of the art, the issue becomes one of the patentability of the particular shape and location of the hard metal inserts, as defined in appellant's claims.

Both reference patents issued to Hughes Tool Co. of Houston, Texas. Five years after the issuance of the Neuhaus patent, when the application for the Lewis et al. patent was filed on July 15, 1948, those applicants had the following to say about the Neuhaus structure:

> "Through the use of the invention of the [Neuhaus] patent * * * a greatly enhanced life of a tool joint or drill collar is had. It has been found, however, that undercutting of the lands between adjacent bands of hard facing material takes place and that such undercutting is followed by a breaking away of the hard facing material with the result that rapid deterioration of the hard facing takes place followed by the rapid wearing away of the underlying and adjacent metal which the hard facing material is designed to protect."

The structure above discussed was only one of the two specific embodiments disclosed by Neuhaus, one in which the hard metal is in the form of *circumferential* bands surrounding the body and the face of the elevator shoulder like a series of barrel hoops set in grooves cut in the body, the "lands" being the steel of the body between said grooves. Lewis et al., to overcome the reported difficulties caused by undercutting, proposed to cure the defect by adding to the circumferential bands of hard metal one or more *axially-extending* grooves transecting the lands and filled with hard metal. The drawings show four such axial strips of hard metal evenly spaced around the periphery and extending over the elevator shoulder. As a matter of fact, the longitudinal cross-section through a Lewis et al. axial hard metal wear strip looks exactly like the corresponding drawing in appellant's application.

The other embodiment of Neuhaus has, instead of circumferential bands, deposits of hard metal in a ring of rectangular pockets extending around the body. Each pocket has sides whose linear ratio is about 1.5:2 with the long dimension extending axially of the joint. The spaces between pockets is less than their width. The disclosure is that these pockets may be cut directly into the body. Reference is made by Neuhaus to prior unsatisfactory use of hard plating on the surface of the body which tends to break away and the patent then states:

> "* * * I have found that if the hard facing is extended below the surface of the tool joint so that it will not project therefrom, and also if the hard facing material is protected by side walls to which it may be firmly attached, the previous difficulty with hard surfacing of the joint is overcome."

We observe that the Lewis et al. patent makes no reference to the second form of the Neuhaus patent above discussed and directed its criticism only to the first or band form.

The rejection is that the claims are unpatentable over the recess form of Neuhaus in view of either Lewis et al. or the other Neuhaus form. The argument is that the pockets of Neuhaus are within the language "narrow grooves" since there is nothing definite about the term "narrow" and the pockets are longer than they are wide; that the pockets and the teaching of the disclosure anticipate appellant's contention that an advantage of his invention is that the hard metal is protected by being "surrounded by the metal of said body," as the claims state; that both references recognize the need for protecting the conical shoulder from wear; and that Lewis et al. discloses axial wear strips in "narrow" grooves extending along the body and over the shoulder of the conical surface.

We have carefully considered appellant's arguments to see whether any one is a sound reason for disagreeing with the rejection. The most we find is argument that it would not occur to one of

ordinary skill in the art—who admittedly would be presumed to know all that the two references teach—to combine their teachings to the extent necessary to meet the claim limitations to narrow axial grooves along the body, extending over the elevator shoulder, and filled with hard metal. Appellant states his position to be that "it would not be an obvious expedient to extend Neuhaus' recesses and hard metal deposits * * * into the conical shoulder. Such a variation is not suggested by the prior art * * *." Yet Lewis et al. shows precisely that. We are obliged to agree with the Patent Office view that the claimed subject matter is obvious.

It may be that there are specific size relationships in the embodiment of appellant's invention described in his specification which product unexpectedly superior results; but if there are, they are not defined in his claims nor is any argument predicated on them beyond the contention that his "invention" would not be obvious from the teachings of the references. We are bound to treat the invention as it is claimed.

The decision of the board is affirmed.

Affirmed.